United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-586 |
| LONG BEACH TRANSIT, Defendant. | § § § § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PLAINTIFF'S PETITION**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Cedric Greene, proceeding *pro se*, brings a complaint to the Court concerning Mr. Greene's incident at a bus stop on the Pacific Coast Highway in California. Dkt. No. 1 at 1, 4. Because Plaintiff proceeds *pro se*, without a legal representative, he receives the benefit of liberal construction of their claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).[1]

Plaintiff Greene alleges facts concerning an incident where he was waiting at a bus stop on March 22, 2022. Dkt. No. 1 at 4. Plaintiff claims the bus was operated by Long Beach. *Id.* Plaintiff states that he was denied opportunity to board the bus by the bus operator. *Id.*

Greene states that the case presents a federal question. *Id.* at 3. Greene states that "system officials where the defendants are located won't come to terms with Greene under the transfer codes is an illegal gatekeeping tactic that's forbidden by the 13th Amendment." *Id.* at 4. Greene argues that this is the reason why venue is improper where the transit

[1] However, pro se pleadings must still contain sufficient facts to support their claims, and the plaintiff is still required to "fundamentally abide by the rules that govern the federal courts." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Fryer v. United States*, 2020 WL 6588397, at *3 (W.D. Tex. July 20, 2020) (quoting *E.E.O.C. v Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014)). A party's pro se status does not create an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

agency is located. *Id.* Additionally, Greene requests "the opportunity . . . to prove that this a diversity jurisdiction case." Dkt. No. 1.

However, "[f]ederal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019) (internal quotation omitted). "The federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737 (1995); *see also United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (citing *Bass v. Denney*, 171 F.3d 1016, 1021 (5th Cir. 1999)). "The party seeking to assert federal jurisdiction...has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

Greene purports that the Court has jurisdiction based on diversity of citizenship. Dkt. No. 1 at 3. *See* 28 U.S.C. §1332. Greene does not indicate that the amount in controversy exceeds the jurisdictional amount. 28 U.S.C. §1332(a). Greene claims that he is not a citizen of any state, but everyone has a domicile. *Sivalls v. United States*, 205 F.2d 444, 446 (5th Cir. 1953) ("Every person has one, and only one, domicile."). Further, when jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines*, *Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). Greene has not complied with this requirement. For these reasons, Greene has not satisfied his burden of proving that subject matter jurisdiction exists.

Although a Court can dismiss a case for lack of jurisdiction, when raised *sua sponte*, the Court should still provide a plaintiff with "a reasonable opportunity to present any available evidence supporting the court's jurisdiction." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 325 (5th Cir. 2001). This Report and Recommendation will provide Mr. Greene with a reasonable opportunity to argue the Court has jurisdiction.

Petitioner filed an Application to Proceed in District Court without Prepaying Fees

or Costs. Dkt. No. 2. Petitioner also filed "Motion and Request for Court-Ordered Alternative Methods." Dkt. No. 8. In the motion, Plaintiff seeks "Court-Ordered Alternative Methods to be granted" regarding Plaintiff's responsibility to serve Defendant. Because the Court finds that it does not have subject matter jurisdiction over the case and recommends dismissal entirely, the Court recommends denying the Motions (Dkt. Nos. 2 and 8) as moot.

**Warning on Additional Filings and Vexatious Litigant Status**

Federal courts have "the inherent authority" to take steps to protect the integrity of the court from vexatious litigants. *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 360 (5th Cir. 1986); *Martin-Trigona v. Lavien, et al.,* 737 F.2d 1254, 1262 (2nd Cir. 1984), cert. denied, 474 U.S. 1061 (1986). Courts must exercise this inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)(per curiam) (citing *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Therefore, "the threshold for the use of inherent power sanctions is high," and the Court must find bad faith before using its inherent powers to impose sanctions. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995); *Elliott*, 64 F.3d at 217.

Before issuing a pre-filing injunction, a court must weigh all the relevant circumstances, including: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum*, 513 F.3d at 189; *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 218–19 (N.D. Tex. 2020). In punishing misbehavior, courts should impose no more than the minimal sanctions necessary to correct the offending conduct. *In re First City Bancocorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002).

**Warning on Sanctions**

It is noted that Plaintiff has filed two other cases in the Brownsville division in which the undersigned has recommended dismissal without prejudice. *See Greene v. Price Self Storage W. LA LLC.,* No. 1:26-CV-440, 2026 WL 1773751, at *1 (S.D. Tex. Apr. 28, 2026), report and recommendation adopted sub nom. *Greene v. Price Self Storage W. LA LLC,* No. 1:26-CV-440, 2026 WL 1773750 (S.D. Tex. May 29, 2026); *Greene v. Weingart First Care Village*, No. 1:26-CV-587, 2026 WL 2262248 (S.D. Tex. Aug. 5, 2026). Additionally, Plaintiff has, to date, five other cases pending in this division. *Greene v. Charter Spectrum*, No. 1:26-CV-589; *Greene v. Housing Authority of City of Los Angeles*, No. 1:26-CV-608; *Greene v. Ingelwood One Stop*, No. 1:26-CV-675; *Greene v. AJCC Work Source*, No. 1:26-CV-695; *Greene v. San Diego County*, No. 1:26-CV-821.

The Court notes that "no one, rich or poor, is entitled to abuse the judicial process. Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981), cert. denied, 454 U.S. 1087 (1981). Plaintiff is cautioned that the Court may impose sanctions upon finding that an individual has filed repetitive, frivolous lawsuits, including refusing to allow the individual to file additional *pro se* complaints without first obtaining leave of Court to do so. See *Tribbit v. Ward*, 81 F.3d 156 (5th Cir. 1996).

**Recommendation**

It is recommended the Court

(1) DISMISS WITHOUT PREJUDICE Plaintiff's claims against Defendant FOR LACK OF SUBJECT MATTER JURISDICTION;

(2) DENY as MOOT the Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. No. 2;

(3) DENY as MOOT the Motion and Request for Court-Ordered Alternative Methods (Dkt. No. 8); and

(4) DIRECT the Clerk of Court to close this case.

**<u>Notice to Parties</u>**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge Fernando Rodriguez, Jr. 28 U.S.C. § 636(b)(1). A party filing objection must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on August 7, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate Judge